# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES CARUNCHIO, | : | CIVIL ACTION |
|     Plaintiff | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, | : | |
| Commissioner of the Social | : | |
| Security Administration, | : | |
|     Defendant | : | NO. 19-2707 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                                           March 23, 2020

      James Carunchio ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. Plaintiff has filed a brief in support of his request for review and the Commissioner has responded to it. For the reasons set forth below, Plaintiff's request for review is denied and judgment is entered in favor of the Commissioner.

## I.     PROCEDURAL HISTORY[1]

      On August 4, 2015, Plaintiff applied for DIB and SSI, alleging disability, because of physical and mental health impairments, since July 29, 2015. R. 65. The claim was denied, initially, and Plaintiff requested a hearing. *Id.* On July 17, 2018, Plaintiff appeared before Kim D. Parrish, Administrative Law Judge ("the ALJ"), for a video hearing;[2] Plaintiff, who was represented by an attorney, and vocational expert Calvin Jackson ("the VE") testified at the

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), and the administrative record. ("R.").

[2] Plaintiff was in Philadelphia; the ALJ was in Oklahoma City. R. 65.

hearing. R. 81-100. On August 1, 2018, the ALJ, using the sequential evaluation process for disability,[3] issued an unfavorable decision. R. 65-77. The Appeals Council denied Plaintiff's request for review, on April 17, 2019, making the ALJ's findings the final determination of the Commissioner. R. 1-3. The parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.     FACTUAL BACKGROUND

A.    <u>Personal History</u>

Plaintiff, born on March 30, 1966, R. 75, was 52 years old when the ALJ rendered his decision. He completed high school, has a bachelor's degree in clinical psychology, R. 75, 84, and worked as a clinical therapist. R. 75, 95. Plaintiff lives alone. R. 89.

B.    <u>Plaintiff's Testimony</u>

At the July 17, 2018 video hearing, Plaintiff testified about his limitations. R. 84-94, 99.

---

[3] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, he is or is not disabled. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

Plaintiff suffers from congestive heart failure, for which he had surgery in 2015; also, he has brain damage,[4] poor memory, poor concentration, anxiety, depression, and schizophrenia. R. 86-87, 91-92, 99. Episodes of chest pains and difficulty breathing occur several times per month and last from 15 minutes to several hours. R. 92-93. Plaintiff has difficulty walking, as well, because he broke his foot and leg in a car accident. R. 93.

After recovering from his 2015 heart surgery, Plaintiff returned to work part-time as a clinical therapist, in 2016 and 2017. R. 85. He continued working in that position, despite his physical problems, until his employer went bankrupt. R. 85-86.

Typically, Plaintiff sleeps most of the day due to depression. R. 91. He has difficulty performing household cleaning and laundry, because of fatigue. R. 93. Plaintiff's mother cooks for him and his father brings meals to him. R. 90.

C.  Vocational Testimony

The VE identified Plaintiff's clinical therapist job as sedentary,[5] with an SVP of 7, meaning it was skilled[6] work. R. 95. He was asked to consider a person of Plaintiff's age, education and work experience, who could perform light[7] work that was limited to occasional stooping, kneeling and crouching; the person could understand simple instructions and perform only simple, routine, repetitive tasks in an environment free from fast-paced production requirements. R. 96. The VE responded that this individual could not perform Plaintiff's past work, R. 97, but could perform

---

[4] Plaintiff testified that he suffered brain damage during his 2015 heart surgery, because of lack of oxygen to his brain. R. 87.
[5] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools." 20 C.F.R, §§ 404.1567(a), 416.967(a).
[6] "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced. . . . Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity." 20 C.F.R. §§ 404.1568(c), 416.968(c).
[7] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).

the unskilled,[8] alternative jobs of: (1) laundry worker (668,153 positions in the national economy); (2) router clerk (201,497 positions in the national economy); and (3) mail clerk (172,800 positions in the national economy). The VE next considered an individual who could sit, stand and walk for six hours each day, but would need to rest or recline for the remaining two hours of the work day; the person would have a 20 percent reduction in ability to concentrate and would be unable to complete a full workday, because of psychologically-based symptoms. R. 97. The VE testified that such an individual could not perform any work. *Id.*

The VE further confirmed that, if an individual could sit for two hours in a workday and could only stand and walk for two hours in a workday, he or she would be unable to perform a full range of sedentary work. R. 98. Finally, the VE testified that, if the individual in the first hypothetical had the additional limitation of only being able to occasionally move his or her head, the individual could not perform the laundry worker job, but could perform the other two recommended jobs. *Id.*

### III. THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through September 30, 2022.

2. [Plaintiff] has not engaged in substantial gainful activity since July 29, 2015, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

3. [Plaintiff] has the following severe impairments: affective disorder and valvular hear disease (20 CFR 404.1520(c) and 416.920(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P,

---

[8] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. §§ 404.1568(a), 416.968(a).

Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.9267(b) except he can occasionally stoop, kneel and crouch. He can understand, remember, and carry out simple, but not detailed instructions and simple, routine, and repetitive in a work-related environment free of any fast-paced production requirements.

6. [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565 and 415.965).

7. [Plaintiff] was born on March 30, 1966 and was 49 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. [Plaintiff] subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).

8. [Plaintiff] has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because using Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is "not disabled," whether or not [he] has transferrable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from July 29, 2015, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

R. 67-69, 75-76.

## IV. DISCUSSION

A. Standard of Review

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). It is more than a mere scintilla of evidence but may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B. Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). Plaintiff may establish a disability through: (1) medical evidence

meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents him from returning to his past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that his impairment results in functional limitations to performing his past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given his age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.  Review of the Administrative Law Judge's Decision

Applying the sequential analysis process, the ALJ determined that, although Plaintiff could not perform his past relevant work, he could perform other light jobs that exist in the national economy; hence, Plaintiff was not disabled. R. 65-77. Plaintiff disputes the ALJ's decision and argues that the ALJ reversibly erred by finding Plaintiff could perform light work, despite opinions from his doctor's which suggested a lesser exertional capacity. Pl. Br. at 4-5. Plaintiff also asserts that residual functional capacity ("RFC") is a combination of administrative and medical determinations, hence, the ALJ was required to identify specific medical evidence to support the components of her RFC assessment. Pl. Br. at 10-11. The Commissioner denies Plaintiff's assertions. Resp. at 3-14. This court finds that the ALJ was not required to identify medical

sources to support each component of his RFC determination, hence, she did not commit reversible legal error when evaluating Plaintiff's RFC.

Plaintiff's argument that the ALJ did not have the authority to evaluate the components of Plaintiff's RFC on her own is belied by Third Circuit precedent. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 362 (3d Cir. 2011). Indeed, the Third Circuit has explicitly rejected the notions that an ALJ (a) may not evaluate medical evidence on her own and (b) make RFC determinations without outside medical support for each specific RFC finding. *Chandler*, 667 F.3d at 362. Furthermore, RFC is not a medical opinion; it is solely an administrative finding reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2), 416.927(d)(2). Hence, the ALJ acted properly, since evaluating Plaintiff's RFC was exclusively within her purview. *See* 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c), 416.927(d)(2), 416.946(c).

## V. CONCLUSION

Review of the relevant law and the record indicate that Plaintiff's assertions of error lack merit. Accordingly, his Request for Review is denied. An implementing Order and Order of Judgment follow.